## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CANADIAN SOLAR INC., ET AL.,<br><br>               Plaintiffs and Consolidated Plaintiffs,<br><br>     v.<br><br>UNITED STATES,<br><br>               Defendant,<br><br>  and,<br><br>SOLARWORLD AMERICAS INC.,<br><br>               Defendant-Intervenor. | **Before:** Jane A. Restani, Senior Judge<br><br>Consol. Ct. No. 18-00184 |

## CONSENT MOTION TO SEVER MEMBER CASE AND DISSOLVE STATUTORY INJUNCTION

Pursuant to Rules 7(b) and 21 of the Rules of the United States Court of International Trade, Consolidated Plaintiffs Changzhou Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Changzhou Trina Solar Yabang Energy Co., Ltd., Yancheng Trina Solar Energy Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., and Changzhou Trina PV Ribbon Materials Co., Ltd. (collectively "Trina"), respectfully move for the Court to issue an Order:  (1) severing <u>Changzhou Trina Solar Energy Co., Ltd. et al. v. United States</u>, Case No. 18-00187 from the above-captioned consolidated action;

and (2) dissolving the statutory injunction entered as to Trina's entries in this consolidated case, <u>see</u> Order for Statutory Inj. Upon Consent, ECF No. 125, May, 27, 2021 ("<u>Trina Inj.</u>").

## <u>Background</u>

On July 23, 2018, the U.S. Department of Commerce ("Commerce") published the final results of the fourth administrative review of the countervailing duty ("CVD") order on crystalline silicon photovoltaic ("CSPV") cells, whether or not assembled into modules, from the People's Republic of China ("China" or "the PRC"). <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China</u>, 83 Fed. Reg. 34,828 (Dep't Commerce July 23, 2018) (final results of countervailing duty administrative review; 2015) ("<u>Final Results</u>"). Pursuant to the <u>Final Results</u>, Trina's entries were subject to liquidation and assessment at a CVD rate of 11.39%. <u>Id.,</u> 83 Fed. Reg. at 34,829. After Commerce accepted ministerial error comments, Trina CVD rate was lowered to 9.12%. <u>See</u> <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China</u>, 83 Fed. Reg. 54,566, 54,567 (Dep't Commerce Oct. 30, 2018)

(amended final results of countervailing duty administrative review; 2015)

("<u>Amended Final Results</u>").[1]

On August 22, 2018, Trina commenced this action to challenge the final
results of the fourth administrative review of the countervailing duty ("CVD")
order on crystalline silicon photovoltaic ("CSPV") cells, whether or not
assembled into modules, from the People's Republic of China ("China" or "the
PRC").  <u>See</u> <u>Summons</u>, ECF No. 1, Aug. 22, 2018, filed in <u>Changzhou Trina Solar</u>
<u>Energy Co., Ltd. et al. v. United States</u>, Court No. 18-187.  On October 25, 2018,
the Court granted SolarWorld Americas Inc. ("SolarWorld") motion to intervene
in <u>Changzhou Trina Solar Energy Co., Ltd. et al. v. United States</u>, Court No. 18-
187.  <u>See</u> <u>Order</u>, ECF No. 23, Oct. 25, 2018, entered in <u>Changzhou Trina Solar</u>
<u>Energy Co., Ltd. et al. v. United States</u>, Court No. 18-187.

On October 5, 2018, the Court consolidated the following cases in this
consolidated action:  (1) <u>SolarWorld Americas Inc. v. United States</u>, Court No. 18-

---

[1] Because the <u>Amended Final Results</u>, <u>see</u> <u>Amended Final Results</u>, 83 Fed. Reg.
54,566 (which were dated October 30, 2018), were issued after the member cases
challenging the <u>Final Results</u> were commenced, <u>see</u>, <u>e.g.</u>, Summons, ECF No. 1, Aug. 22,
2018—and statutory injunctions were issued preventing liquidation of the subject
entries, <u>see</u>, <u>e.g.</u> Order for Statutory Inj. Upon Consent, ECF No. 12, Sept. 20, 2018 —
Commerce did not issue new liquidation instructions to reflect the updated CVD rates
in the <u>Amended Final Results</u>.

00185;[2] (2) <u>Sumec Hardware & Tools Co., Ltd. v. United States</u>, Court No. 18-00186; and (3) <u>Changzhou Trina Solar Energy Co., Ltd. et al. v. United States</u>, Court No. 18-187.  <u>See</u> <u>Order</u> at 2, ECF No. 21, Oct. 5, 2018.  After full briefing and oral argument, on February 25, 2020 the Court issued a decision partially sustaining and partially remanding the <u>Final Results</u>.  <u>See</u> <u>Opinion and Order</u>, ECF No. 90, Feb. 25, 2020.

The Court sustained Commerce's <u>Remand Results</u> and entered judgment on October 19, 2020.  <u>See</u> <u>Opinion</u>, ECF No. 114, Oct. 19, 2020, <u>J.</u>, ECF No. 115, Oct. 19, 2020; <u>see also</u> <u>Final Results of Redetermination Pursuant to Court Remand</u>, ECF No. 95, June 26, 2020 ("<u>Remand Results</u>") (lowering Trina's total CVD rate from 9.12% to 2.93%).  On December 17, 2020, Plaintiffs Canadian Solar Inc. et al. (collectively "Canadian Solar") filed a timely notice of appeal of the judgment.  Notice of Appeal, ECF No. Dec. 17, 2021.  That appeal was docketed by the United States Court of Appeals for the Federal Circuit on December 21, 2021, and the appeal is currently pending before that court.  No other parties to this consolidated action—including Trina, Consolidated Plaintiff Sumec

---

[2] On February 11, 2019, the Court ordered the partial dismissal of SolarWorld's action (i.e., <u>SolarWorld Americas Inc. v. United States</u>, Court No. 18-00185).  <u>See</u> <u>Order of Dismissal</u>, ECF No. 40, Feb. 11, 2019) (dismissing the action with prejudice based on the stipulation of dismissal signed by all parties that appeared in the action).

Hardware & Tools Co., Ltd., Defendant, and Defendant-Intervenor SolarWorld—

filed a notice of appeal of the judgment.

On May 26, 2021, Trina filed a consent motion seeking a statutory

injunction to ensure that its subject entries, which were no longer subject to a

statutory injunction, were not liquidated pursuant to Message No. 8227318

instructing U.S. Customs and Border Protection ("CBP") to liquidate Trina's

shipments of CSPV cells from the PRC, entered, or withdrawn from warehouse,

for consumption on or after January 1, 2015 and on or before December 31, 2015

at a rate of 11.39%.[3]  See Consent Mot. Statutory Inj., ECF No. 125, May 26, 2021;

see also Instructions from Commerce to CBP Pertaining to Interested Parties

Liquidation Instructions, P.R. 237, at 2, (Aug.19, 2018) (containing liquidation

instructions issued after the Final Results instructing Commerce to liquidate

---

[3] As Trina explained in its motion, until April 21, 2021, liquidation of its subject entries had been enjoined pursuant to either:  (1) the order for statutory injunction upon consent, entered in SolarWorld Americas Inc. v. United States, Court No. 18-00185, see Order for Statutory Injunction Upon Consent, ECF No. 11, Sept. 24, 2018, in SolarWorld Americas Inc. v. United States, Court No. 18-00185; or (2) the preliminary injunction order, entered in Changzhou Trina Solar Energy Co., Ltd. v. United States, Court No. 17-00197, see Order, ECF No. 16, Sept. 1, 2017, in Changzhou Trina Solar Energy Co., Ltd. v. United States, Court No. 17-00197 (covering Trina's subject entries subject to the third antidumping duty administrative review of CSPV Cells from the PRC, which overlapped in time with the fourth CVD administrative review).  See Consent Mot. Statutory Inj. 3, ECF No. 125, May 26, 2021.

5

entries in accordance with the <u>Final Results</u>).  On May 27, 2021, the Court entered an Order for Statutory Injunction Upon Consent enjoining the liquidation of Trina's entries subject to this consolidated action.  <u>Trina Inj.</u>, ECF No. 126, May 27, 2021.

## SEVERANCE IS APPROPRIATE

Because Trina is not a party to Canadian Solar's appeal—and all other parties to this consolidated action elected to forego the opportunity to appeal the judgment—Trina's CVD rate cannot change based on Canadian Solar's appeal. Trina's member case should, therefore, be severed from this consolidated action. Trina is satisfied with the court's judgment sustaining Commerce's <u>Final Results</u>, and no other party filed any appeal to challenge Trina's CVD 2.93% CVD rate after the <u>Remand Results</u>.  Declining to sever Trina's action would unnecessarily, and without cause, delay Trina's final relief.

The Court has discretion to add or sever any claim against a party.  USCIT R. 21.  Generally, the Court seeks to apply its rules in order "to secure the just, speedy, and inexpensive determination of every action or proceeding."  USCIT R. 1.

Since all of Trina's claims have been fully adjudicated—and the pending appeal cannot affect Trina's CVD rate—Trina's final relief would be unnecessarily delayed by keeping Trina's case consolidated with Canadian Solar's case.  Even if Canadian Solar were to win a remand before the Court of Appeals for the Federal Circuit, Trina could not benefit from that appeal because Trina is not a party to that appeal.[4]  No interest of judicial economy is served by keeping Trina's member case consolidated with the lead case because Trina's rate cannot change as a result of Canadian Solar's pending appeal.

Moreover, and Defendant's counsel stated that, under its view of the trade statute, the U.S. Department of Commerce ("Commerce") cannot issue updated instructions for CBP to liquidate Trina's entries in accordance with the judgment while complying with 19 U.S.C. § 1516a(e) and the express terms of the attached Form 24 proposed order for statutory injunction at this time because the judgment entered in this consolidated action is not yet final since the judgment is subject to a pending appeal.  See 19 U.S.C. § 1516a(e) (stating that a cause of

---

[4] In any event, the issue raised on appeal by Canadian Solar—Commerce's finding that the alleged electricity for less than adequate remuneration ("LTAR") program is regionally specific based on adverse facts available—could not affect Trina's total CVD rate because Trina's rate for the electricity for LTAR program in the Amended Final Results was zero.  See Memorandum to The File, re: "Calculations for the Amended Final Results," P.R. 248, at Attach. 1 (Nov. 9, 2018).

action challenging Commerce's final determination is sustained in whole or in part by the Court or the Court of Appeals for the Federal Circuit, subject entries shall be liquidated in accordance with the <u>final</u> court decision in the action; and requiring notice of the decision to be published within ten days from the date of issuance of the decision) (emphasis added); USCIT Form 24 (containing the language: "ORDERED that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e)").  Thus, unless and until Trina's member case is severed from the consolidated action, Trina's final relief will be unnecessarily delayed because Commerce will not issue liquidation instructions until Canadian Solar's appeal is resolved.  This outcome does not promote the "just, speedy, and inexpensive determination" of Trina's claims.  <u>See</u> USCIT R. 1.

## **TRINA'S STATUTORY INJUNCTION SHOULD BE DISSOLVED**

Once <u>*Changzhou Trina Solar Energy Co., Ltd. et al. v. United States*</u>, Case No. 18-00187, is severed from the lead case, Case No. 18-00187 will become final, and the statutory injunction entered as to Trina's entries on May 27, 2021 should dissolve, allowing Commerce to issue liquidation instructions for Trina's entries in accordance with the judgment entered on October 19, 2020 in Trina's member

8

case.  See Trina J.  Because Trina is not a party to the appeal—and all appeals by

adverse parties were already foregone—the Court should dissolve the statutory

injunction to facilitate prompt liquidation of Trina's entries.  Moreover, because

judgment was entered on the consolidated case on October 19, 2020—and all

adverse parties had the opportunity to appeal, but elected not to appeal—the

judgment is final as to Trina.  By consenting to this motion, all parties expressly

acknowledge that any right to appeal the final judgment was foregone and

waived.

## Parties and Consultation

Counsel for Trina has consulted with the parties to this consolidated action

regarding this motion.  On May 28, 2021, Trina received consent via email from, Bryan

P. Cenko, Esq., counsel for Plaintiffs, Canadian Solar, Inc., et al. and Mark B. Lehnardt,

Esq., counsel for Consolidated Plaintiff Sumec, Hardware & Tools Co., Ltd, and John R.

Magnus, Esq., counsel for Defendant-Intervenor, SolarWorld Americas, Inc..  On June 4,

2021, Trina received consent via email from Justin R. Miller, Esq., of the U.S.

Department of Justice, counsel for the Defendant.

Therefore, we respectfully request that the Court grant Trina's motion to:

(1) sever Changzhou Trina Solar Energy Co., Ltd. et al. v. United States, Case No.

18-00187 from the above-captioned consolidated action; and (2) dissolve the

statutory injunction entered as to Trina's entries in this consolidated case.

A proposed order accompanies this motion.

Respectfully submitted,

 /s/Jonathan M. Freed
Robert G. Gosselink
Jonathan M. Freed
Kenneth N. Hammer

**TRADE PACIFIC PLLC**

700 Pennsylvania Avenue, SE
Suite 500
Washington, DC  20003
(202) 223-3760

Counsel to Consolidated Plaintiffs
Changzhou Trina Solar Energy Co., Ltd., Trina
Solar (Changzhou) Science & Technology Co.,
Ltd., Changzhou Trina Solar Yabang Energy
Co., Ltd., Yancheng Trina Solar Energy
Technology Co., Ltd., Turpan Trina Solar
Energy Co., Ltd., Hubei Trina Solar Energy
Co., Ltd., and Changzhou Trina PV Ribbon
Materials Co., Ltd.

**Date:  June 4, 2021**